No. 4891.

(Court of Appeal, Parish of Orleans.)

## DELTA BAG COMPANY vs. A. M. NELSON.

Gus Lemle for plaintiff and appellant.

Clegg, Quintero & Gidiere and L. A. Hubert for defendant and appellee.

GODCHAUX, J.—This suit was instituted on November 2, 1907, against A. M. Nelson for the recovery of the unpaid purchase price, aggregating $806.65, of 6,500 bags sold to him by plaintiff on August 13, 1907, and October 15, 1907, respectively. The allegations are that the bags were purchased and used by defendant in harvesting his crop of rice upon his plantations in the Parish of East Carroll, where delivery of the bags was made; and that to secure the purchase price, which is unpaid, plaintiff has a privilege on the rice grown on said plantations, part of which packed in some of the very bags sold and consisting of 924 bags, have been shipped to and are now in this city. Upon affidavit in support of these allegations and upon bond being furnished a writ of sequestration issued and there was seized thereunder in the possession of W. B. Thompson & Co., 922 bags of the rice upon which the privilege was claimed.

On November 5, 1907, on joint motion by consent of plaintiff and defendant, Nelson, the property seized was, by order of Court, released to W. B. Thompson & Company in consideration of a bond of $850.00 having been furnished, conditioned that in the event judgment is rendered in favor of plaintiff recognizing its asserted privilege and maintaining the writ, the principal and surety upon the bond will pay to plaintiff the amount of such judgment.

On June 4, 1908, a preliminary default was entered against the defendant, Nelson, and thereafter nothing appears to have been done until, on October 16, 1908, nearly a year after the institution of the suit and the release of the seizure, "the petition of intervention of the ordinary partnership, composed of A. M. Nelson, W. N. Nelson and R. J. Walker, domiciled in the Parish of East Carroll," was filed, wherein it is recited that the partnership was engaged in the rice planting business in 1907; had produced and harvested a crop of rice which it had shipped to W. B. Thompson & Co.; and that the rice seized was a portion of the crop thus produced and owned by the partnership and which it had consigned to W. B. Thompson & Company, at New Orleans. Under these allegations, the partnership prayed for a decree recognizing its ownership of the rice seized, free from any claim or privilege in favor of plaintiff, and setting aside the sequestration.

On the same day—namely, October 16, 1908—R. J. Walker, individually, filed an intervention claiming that at the time of the seizure the 922 bags of rice were his personal property and in his possession, through his agents, W. B. Thompson & Co., and denying that said property belonged to A. M. Nelson or was liable for the latter's debts or subject to plaintiffs' asserted claim or privilege; and his prayer is for a decree recognizing his personal

ownership of the rice seized, free from any claim or claim in favor of plaintiff, and setting aside the sequestration.

On October 26, 1908, defendant, A. M. Nelson, answered plaintiffs' petition with a general denial, and, thereafter—namely, on January 18, 1909—the plaintiff filed a supplemental petition wherein, after reciting what had transpired to that date in the suit and the disclosures that had been made, through the recitals of the petition with reference to the existence and claims of the partnership, and of Walker, and after alleging that these disclosures conveyed to it the first intimation that the partnership or Walker was in any manner interested in the sale of the bags or in the plantations upon which the rice was raised, he pleads that the partnership and its members are stopped from asserting their alleged claims, and, moreover, that, in any event, the rice, whether owned by the partnership or by the defendant Walker, is subject to plaintiff's privilege as a furnisher of necessary supplies. The plaintiff amends its original prayer by praying, in the alternative, that, if the Court should hold that the property seized belongs to the partnership or to R. J. Walker, then, that judgment should be given against them **in solido,** and that, in all events, the privilege of plaintiff upon the property should be recognized and the sequestration maintained.

In this supplemental petition it is also recited that, since the institution of the suit, 2,500 of the bags sold, valued at $304.40, have been returned to plaintiff and that the amount of its claim should be reduced accordingly. Thereafter the partnership, as well as Walker and the defendant A. M. Nelson, moved to strike out the supplemental petition, but this application was refused and it was then agreed, on the one hand, that the petition and supplemental petition should stand as an answer, on behalf of plaintiff, to the intervention; while, on the

other hand the intervention should stand as answers, on behalf of the partnership and of Walker, to the original and supplemental petitions.

The case went to trial and resulted in the dismissal of the plaintiff's suit at its cost, and plaintiff thereupon prosecutes this appeal.

This is clearly a case of dormant partnership and neither the defendant nor the copartnership nor the members composing it should be permitted, under the facts disclosed in the record, to assert the existence of the partnership nor its ownership of the rice sequestered, nor to deny to plaintiff's prejudice, that the crop belonged to defendant, who contracted the debt for the sacks that were ordered and used in harvesting the rice, a portion of which rice was sequestered in this suit. It is true that a partnership in fact existed, but it possessed no partnership name, made its purchases and contracts, not only with plaintiff but with others, in the name of the defendant A. M. Nelson, and in the present instance studiously avoided advising plaintiff of the partnership's claim or even of its existence until, having secured the release of the property sequestered and having thus placed it beyond the reach of plaintiff's privilege, it then asserts its rights a year thereafter at a time when the crop, having been harvested and disposed of, the assertion of plaintiff's claim will cause the partnership and its members but little anxiety. The property upon which the crop was raised belonged to the defendant, A. M. Nelson, and the planting operations were under the sole management of the defendant at the time the purchase of the bags was consumated. In fact, there was no evidence whatever of a partnership interest in the property or in the crop, and, though the partnership articles prescribe that the property shall be leased to the partnership for rice-planting purposes, it was apparently contrary to the designs of

the parties that the public should be advised even of this fact by a recordation of the lease upon the public records. A. M. Nelson, the defendant purchased the rice in his own name, was so billed for it and was so sued for it, and, upon being sued, asserted his ownership of the rice seized to satisfy the debt by securing its release; and in these matters, being a member of the partnership at the time and acting for it, he has successfully estopped not only himself, but the partnership and its members from gainsaying the state of facts upon which plaintiff relied.

> Boudreaux vs. Martinez, 25 An. 167; see, also, Green vs. Kummel, 41 An. 65; Hailey vs. Franks, 18 An. 559.

The plaintiff has proved an indebtedness of only $741.30— that is, the sale made on August 13, 1907, and as against this the defendant is entitled to a credit of $304.40, the exact date of which is not disclosed, but the date when the supplemental petition acknowledging the credit was filed—namely, January 18, 1909—will be adopted.

Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be reversed, and, proceeding to render such judgment as should have been rendered by the lower Court, it is ordered and decreed that the writ of sequestration herein issued be maintained, and that there now be judgment in favor of the Delta Bag Company and against A. M. Nelson in the sum of $741.30 with interest thereon at 5%, from judicial demand, and all costs of both courts upon the main demand and sequestration, less a credit of $304.40 as of date January 18, 1909, and recognizing plaintiff's lien and privilege upon the property seized herein to secure said judgment, interest and costs.

It is further ordered and decreed that the intervention of the partnership composed of A. M. Nelson, W. M. Nel-

son and R. J. Walker, as well as the intervention of R. J. Walker, individually, be dismissed at their costs in both courts.

February 9, 1910.